Nunez de Rivera v 3051 Fulton L.L.C. (2023 NY Slip Op 02184)

Nunez de Rivera v 3051 Fulton L.L.C.

2023 NY Slip Op 02184

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 21934/19E Appeal No. 115 Case No. 2022-01530 

[*1]Maria Nunez de Rivera, Plaintiff,
v
3051 Fulton L.L.C., Defendant-Appellant, Fulton Street 99c Inc., Defendant-Respondent.

Hannum, Feretic, Prendergast & Merlino, LLC, New York (Paul B. Josephs of counsel), for appellant.
Iaconis Fusco LLP, Malverne (Christopher G. Conway of counsel), for respondent.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered on or about March 4, 2022, which granted defendant Fulton Street 99c Inc.'s (tenant) motion for leave to reargue, and upon reargument, denied defendant 3051 Fulton L.L.C.'s (landlord) motion for summary judgment on its indemnification cross claim against tenant, unanimously reversed, on the law, without costs, to the extent of conditionally granting defendant landlord's motion as to its common-law indemnification claim against the tenant.
Defendant landlord made a prima facie showing of entitlement to judgment as a matter of law on its cross claim for common-law indemnification against co-defendant Fulton Street 99c Inc., demonstrating that any liability to plaintiff on its part would be purely statutory and vicarious to the tenant's direct liability. Plaintiff alleges that, as she was walking across vault doors, she tripped on the height differential between the metal doors, causing her to trip forward. Ms. Hu, who operated the tenant's premises with her husband, testified that the misleveling of the cellar doors on the property only exists when the cellar doors are not properly locked. Ms. Hu testified that they were the only people who have the key to the store. Ms. Hu conceded that only she had the keys to the padlock on the exterior of the vault doors. This was confirmed by the landlord, Mark Koplowitz, who denied having keys to the premises. Their testimony establishes that only the tenant could have created the uneven condition of the doors, over which plaintiff claims to have tripped, by failing to lock them from the inside. In opposition, the tenant failed to raise a triable issue of fact. Accordingly, Supreme Court should have granted defendant landlord's motion for summary judgment on its common-law indemnification cross claims against the tenant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023